Curia, per Dunkin, Chancellor.
Samuel Bacot, formerly sheriff of Darlington District, collected money on several executions in which tlie complainant was plaintiff. It is alleged that after the death of Bacot, the complainant demanded the money of his administrator, the defendant, who had refused to pay the amount received, as proved by the sheriff’s books; and the solvency of Bacot’s estate is not questioned. On this statement, it is difficult to suppose a case in which the legal remedy is more plain and ample, by an action of assumpsit, or other form of action, against the administrator. It is urged, however, that the statute of limitations would bar a recovery in this form of action. But that the sheriff executed a joint bond with the complainant and others, as sureties, for the faithful performance of his duties as sheriff; that in an action on sueh bond, the plea of the statute would not apply; but that, as the bond was joint, an action at law would only lie against tlie survivors; and the object of this bill is to have the advantage of this bond against the administrator of the sheriff.
The bond of the sheriff ivas taken under the Act of 1795. In the Treasurers vs. Bates, (2 Bail. 375,) it is said *47 by the Judge who delivered the opinion of the Court, that “ in a just construction of the whole Act, as to the sheriff, the bond may he regarded as either joint or several, and he or his representatives, may he sued alone upon it.” This was not the precise point adjudicated in that case, and this Court does not now deem it necessary to express any definite opinion upon it. Where a party has once had a plain and adequate remedy at law, which he has lost hy his own laches, it may he well doubted'whether^ this Court will aid him with another remedy, of which he might also, perhaps, have availed himself in .the ordinary form, if he had acted promptly. But, admitting the full force of the complainant’s argument, it is not alleged in the hill, nor did it appear hy the evidence, that the complainant would he defeated, in an action of assumpsit, hy the plea of the statute of limitations. In Wright vs. Hamilton, (2 Bail. 51,) it was held that, in such action, the statute does not run until demand made. No allegation is made of a demand on the sheriff, nor that the demand on his administrator was more than four years prior to the filing of the hill.
The Court is of opinion that there is no error in dismissing the hill for want of jurisdiction; and the decree is affirmed.
BENJ. F. DUNKIN.